## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| 400 Maryland Avenue, S.W. | ) | |
| Washington, DC 20201, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States

Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. §

552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

S.W., Suite 800, Washington, DC 20024.   Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.   As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.   Plaintiff analyzes agencies'

responses to its requests and disseminates both its findings and the requested records to the public

to inform them about "what their government is up to."

4.      Defendant United States Department of Education is an agency of the United States

Government and is headquartered at 400 Maryland Avenue, SW, Washington, DC 20201.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On January 29, 2017, Plaintiff submitted a FOIA request to Defendant, via e-mail,

seeking access to the following:

> Any and all records concerning or relating to the coding error in the calculation of
> repayment rate data contained in the College Scorecard, as disclosed on January
> 13, 2017. . . . Requested records include, but are not limited to, records identifying
> causes of the coding error and steps taken to correct the error, communications
> within DOE regarding the error, communications with third parties concerning the
> error, and records relating to the public announcement of the error.

6.      Because this request was submitted by email, it was received the same day it was

sent, January 29, 2017.

7.      Defendant acknowledged receipt of Plaintiff's request by a letter dated February 2,

2017 and advised Plaintiff that its request has been assigned FOIA Request Number 17-00824-F.

8.      As of the date of this Complaint, Defendant has failed to: (i) produce the requested

records or demonstrate that the requested records are lawfully exempt from production; (ii) notify

Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the

reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific,

adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's requests or demonstrate that the requested records are lawfully exempt from production.

11.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests within twenty (20) working days of receipt.   At the latest, Defendant's determination was due by February 28, 2017.   At a minimum, by this date Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.   *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13.     Because Defendant failed to make a determination with respect to Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.   5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to

- 4 -

Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs

reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such

other relief as the Court deems just and proper.

Dated:   March 20, 2017

Respectfully submitted,

*/s/ James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*